# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LAMONT O. DOUGLAS,** ) | |
| Plaintiff ) | Civil Action No.: 7:11cv00468 |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **DWAYNE TURNER, et al.,** ) | By: Pamela Meade Sargent |
| Defendants ) | United States Magistrate Judge |

The pro se plaintiff, Lamont O. Douglas, is an inmate at Red Onion State Prison, ("ROSP"). This case is before the court for an evidentiary hearing and finding as to whether the plaintiff exhausted his administrative remedies before filing suit. The issue is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). An evidentiary hearing was held in this matter on the issue of exhaustion of administrative remedies on August 9, 2013. The undersigned now submits the following report recommending that the plaintiff's claims be dismissed for failing to exhaust his administrative remedies.

*I. Facts*

Douglas brings this civil rights action against four correctional officers claiming that they violated his Fourth Amendment rights by conducting strip searches of him while female officers were present and could view him. Douglas testified that he filed three separate Informal Complaints regarding this practice. These Informal Complaints were admitted as Plaintiff's Exhibit Nos. 1, 2 and 3.

According to Douglas, each of these exhibits is the pink copy of a Virginia Department of Corrections, ("VDOC), Informal Complaint form that he completed and placed in the prison mail to go to the Grievance Office. Each of these forms is pink in color and lists Douglas's name, offender number and housing assignment. The date received, tracking # and response due blanks have not been completed on each of these forms. Each of the forms has "B3" stamped on the back of it. Douglas testified that these exhibits were the pink copy of the Informal Complaint form that was stamped and returned to him showing that he had placed it in the institutional mail to go to the Grievance Office. Each form contains the following:

> **INSTRUCTIONS FOR FILING**: Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

Plaintiff's Exhibit No. 3 is dated February 8, 2011. Under the brief explanation of his complaint, Douglas wrote:

> I'm being unnecessarily viewed in the strip cage nude by the opposite sex. Being placed in the control tower.

Plaintiff's Exhibit No. 2 is dated February 14, 2011. Under the brief explanation of his complaint, Douglas wrote:

> This is my second complaint on this issue I never received my receipt within two working days as policy states. I'm being unnecessarily viewed naked by the opposite sex in B-300 pod. In the strip cage and by female staff walking in and out [of] the pod area.

Plaintiff's Exhibit No. 1 is dated March 9, 2011. Under the brief explanation of his complaint, Douglas wrote:

> I'm being unnecessarily viewed naked by the opposite sex in B-300 pod in the strip cage and by females walking in and out [of] the pod area while I'm in the strip cage.
> This is my third attempt to file this complaint I am not getting my receipts in 2 days nor a response.

Douglas testified that he did not receive any response to any of these three Informal Complaints. Douglas conceded that he did not file a formal Grievance form regarding any of these incidents. Douglas testified that the Grievance Policy required him to place the tracking number of his Informal Complaint on the Grievance form or the Grievance would be rejected.

Rena Mullins, an Institutional Grievance Coordinator at ROSP, also testified at the August 9, 2013, hearing. According to Mullins's affidavit previously filed with the court, (Docket Item No. 23-1 and -2), the VDOC has established a grievance procedure which is available to all of its inmates to resolve inmate complaints. Inmates are informed of the procedure when they come into a VDOC facility. This procedure is found in Operating Procedure, ("OP"), 866.1, entitled "Offender Grievance Procedure." A copy of OP 866.1 is attached to Mullins's affidavit. Under this procedure, grievances are to be submitted within 30 calendars days from the date of the incident. Prior to

submitting a regular Grievance, the inmate must demonstrate that he has made a good faith effort to informally resolve his complaint. This may be accomplished by submitting an Informal Complaint form to the appropriate department head.

Under the procedure, prison staff should respond to an inmate's informal complaint within 15 calendar days. When filing a formal Grievance, an inmate must attach documentation showing that he first attempted to resolve the issue informally. Only one issue may be addressed per Grievance form.

There are three levels of review available for regular Grievances. Level I reviews are conducted by the warden or superintendent of the facility. A response at Level I must be made within 30 days. Level II responses are provided by the Regional Administrator, Health Services Director or Chief of Operations for Offender Management Services and must be made within 20 days. For most issues, Level II is the final level of review. For issues appealable to Level III, the Deputy Director or Director of the VDOC conducts the review. A response to a Level III appeal must be made within 20 days. The procedure states that expiration of the time limit without issuance of a response at any stage of the process automatically qualifies the Grievance for appeal to the next level of review.

An inmate may file an emergency Grievance if he believes that there is a situation or condition that subjects him to an immediate risk of serious personal injury or irreparable harm. Emergency Grievance forms are available on a 24-hour basis regardless of housing status. An emergency Grievance should be responded to within eight hours. The filing of an emergency Grievance does not

satisfy the exhaustion requirement, and the inmate still must file an Informal Complaint and regular Grievance to exhaust his administrative remedies regarding an issue.

Under the procedure, any Grievance that does not meet the filing requirements of OP 866.1 is returned to the inmate within two working days from the date of receipt with the reason for the return noted on the intake section of the Grievance form. An intake decision may be reviewed by sending the Grievance to the Regional Ombudsman for a review.

According to Mullins, ROSP Grievance records do not contain any record showing that Douglas filed an Informal Complaint or formal Grievance form regarding members of the opposite sex being allowed to view him during strip searches on February 8, February 14 or March 9, 2011. Mullins testified that the ROSP's Informal Complaint forms were a three-part form with a white sheet on top of a yellow sheet on top of a pink sheet. When submitting an Informal Complaint, the offender must submit all three parts of the form, she said. When the Informal Complaint form is received and logged in the Grievance Office, the office fills in the log number on the form and tears off the pink sheet and returns it to the inmate as his receipt. Mullins stated that a returned pink sheet would have the date received, tracking # and response due blanks completed by the Grievance Office staff. The other two parts of the form go to the responding party. The responding party fills in the response. The responding party then tears off the yellow copy and returns it to the Grievance Office to be placed in the offender's file and returns the original white form to the offender.

Mullins testified that the grievance procedure requires a response to an offender's Informal Complaint within 15 days from the date it is logged. Mullins stated that an offender should not have the pink copy of the Informal Complaint form that does not have a log number filled in. Mullins stated that an offender could not file a formal Grievance form without placing the log number of the Informal Complaint on the Grievance form. If an inmate did so, the Grievance would be rejected, she stated. Mullins testified that, if Douglas had submitted Informal Complaint forms that were not logged with a receipt returned to him, he should have sent a Request for Services form to the Grievance Office to inquire why his forms were not being logged.

Mullins testified that during the period of February to May 2011, Douglas filed 12 Informal Complaints which were logged and to which he received responses. Each of these Informal Complaints was filed while Douglas was housed in the B-300 pod at ROSP. These Informal Complaints were admitted into evidence as Defense Exhibit Nos. 1-12.

## II. Analysis

The Prison Litigation Reform Act of 1996, ("PLRA"), requires a prisoner to exhaust administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a) (West 2012). The exhaustion requirement is mandatory and applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion

demands compliance with an agency's deadlines and other critical procedural rules…." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Administrative remedies are "available" only if they are "accessible," "within one's reach," or "at one's disposal." *Johnson v. True*, 125 F. Supp. 2d 186, 189 (W.D. Va. 2000) (quoting *Langford v. Couch*, 50 F. Supp. 2d 544, 547 (E.D. Va. 1999)). "…[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process…, the process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Furthermore, a prisoner lacks an available administrative remedy for exhaustion purposes if the prisoner was unable to file a grievance because prison officials refused to provide him with the necessary grievance form. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003); *see also Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)…").

The undisputed evidence shows that the VDOC has an administrative process that was available for Douglas's use regarding his complaints of being unnecessarily viewed by female staff when being strip searched. Based on the evidence presented, I am persuaded that Douglas did not take advantage of his administrative remedies as required. Based on Mullins's testimony and the exhibits presented, Douglas knew of this administrative process and frequently used the process to bring his complaints to the attention of ROSP prison

officials. Mullins stated that, if Douglas had properly submitted the Informal Complaints found at Plaintiff's Exhibit Nos. 1-3, he would have submitted all three copies, the white, yellow and pink copies, of these forms to the Grievance Office. Mullins stated that, if the forms had been properly submitted, Douglas would not have retained the pink copies of these forms. The pink copies of these forms, she stated, would have been returned to Douglas only after the Informal Complaints had been logged with a tracking number. Douglas offered no explanation of how he retained these forms, if he had properly filed the required Informal Complaints. That being the case, I find Douglas's testimony that he properly submitted these forms not credible.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Douglas failed to exhaust his administrative remedies with regard to the allegations raised in this action; and
2. The court should dismiss Douglas's claims.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I find that Douglas failed to exhaust his administrative remedies as to his claims raised in the action. Therefore, I recommend the court dismiss his claims.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, United States Senior District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 12th day of September, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE